IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CR-256-D
No. 5:20-CV-648-D

| | |
|---|---|
| RON CHRISTOPHER WHITLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On December 1, 2020, Ron Christopher Whitley ("Whitley") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 156-month sentence [D.E. 71]. On January 29, 2021, the government moved to dismiss Whitley's motion [D.E. 76] and filed a memorandum in support [D.E. 77]. On April 20, 2021, Whitley responded in opposition to the government's motion [D.E. 81]. As explained below, the court grants the government's motion to dismiss and dismisses Whitley's section 2255 motion.

I.

On February 6, 2017, without a plea agreement, Whitley pleaded guilty to three counts of distribution and possession with intent to distribute a quantity of heroin (counts one, two, and three). See [D.E. 23]; Rule 11 Tr. [D.E. 36] 20–22. On May 9, 2017, the government moved for revocation of Whitley's supervised release in case number 5:10-CR-236-D. See Am. Mot., United States v. Whitley, No. 5:10-CR-236-D, [D.E. 158] (E.D.N.C. May 9, 2017). On May 23, 2017, the court held Whitley's sentencing and revocation hearings and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 26, 28]; Sent. Tr. [D.E. 37] 4. The court found Whitley's

total offense level to be 31, his criminal history category to be VI, and his advisory guideline range to be 188 to 235 months' imprisonment. See Sent. Tr. [D.E. 37] 10–13. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Whitley to 235 months' imprisonment on each count to run concurrently. See id. at 23–26. Next, the court addressed the government's revocation motion. Whitley admitted to the two violations contained in the motion. See id. at 29. The court determined Whitley's policy statement range to be 18 to 24 months' imprisonment with a statutory maximum of 35 months' imprisonment. See id. After fully considering the arguments of counsel, the court sentenced Whitley to 24 months' imprisonment to run consecutive to Whitley's 235-month sentence. See id. at 33. Whitley appealed. See [D.E. 31]. On June 12, 2018, the United States Court of Appeals for the Fourth Circuit affirmed Whitley's revocation sentence but vacated and remanded Whitley's 235-month sentence because Whitley's conviction for conspiracy to distribute and possess with intent to distribute cocaine base was not a controlled substance offense under U.S.S.G. § 4B1.2(b). See United States v. Whitley, 737 F. App'x 147, 149–50 (4th Cir. 2018) (per curiam) (unpublished).

On October 25, 2018, the court held Whitley's resentencing hearing and adopted the facts set forth in the amended PSR. See [D.E. 48, 50]; Resentencing Tr. [D.E. 58] 4. The court determined Whitley's new total offense level to be 15, including a two-level enhancement for Whitley's leadership role, his criminal history category to be VI, and his advisory guideline range to be 30 to 37 months' imprisonment. See Resentencing Tr. [D.E. 58] 6. The court then upwardly departed under U.S.S.G. § 4A1.3 to a total offense level 27 and criminal history category VI, yielding an advisory guideline range of 130 to 162 months' imprisonment. See id. at 6–20. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Whitley to 156 months' imprisonment. See id. 31–35; [D.E. 52]. Whitley appealed. See [D.E. 54]. On July

2

16, 2019, the Fourth Circuit affirmed this court's judgment. See United States v. Whitley, 781 F. App'x 176, 179 (4th Cir.) (per curiam) (unpublished), cert. denied, 140 S. Ct. 561 (2019).

In Whitley's section 2255 motion, Whitley argues (1) that the court erred in upwardly departing and imposing a leadership role enhancement and (2) that he received ineffective assistance of counsel because his lawyer instructed him not to object to the leadership role enhancement. See [D.E. 71] 4–5.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

3

Whitley argues that the court erred in its advisory guideline calculation by upwardly departing and imposing a leadership role enhancement. Whitley, however, cannot use section 2255 to attack his advisory guideline range retroactively. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999) ("Barring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a [section] 2255 proceeding.").

Alternatively, Whitley procedurally defaulted this claim by failing to raise it on direct appeal. Thus, the general rule of procedural default bars Whitley from presenting this claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Whitley has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged error about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Thus, the claim fails.

Alternatively, Whitley's claim that the court erred in upwardly departing lacks merit. The court explained its reasons for upwardly departing, and the upward departure was supported by adequate evidence. See Sent. Tr. [D.E. 58] 6–20; United States v. Rios, 846 F. App'x 184, 186 (4th Cir. 2021) (per curiam) (unpublished); cf. United States v. Talbott, 26 F. App'x 167, 168 (4th Cir. 2001) (per curiam) (unpublished) ("[A] district court may summarily dismiss any facially meritless claims under Rule 4 of the Rules Governing Section 2255 Proceedings[.]"); cf. [D.E. 71] 4. Likewise, Whitley's claim that the court erred in applying the leadership role enhancement fails. The

4

court properly applied the enhancement because Whitley supervised the drug trafficking activities of a least one other person (i.e., China Brewer). See PSR [D.E. 26] ¶¶ 8–9, 62; U.S.S.G. § 3B1.1(c); id. § 3B1.1 cmt. n.2; United States v. Rodriguez, 827 F. App'x 293, 297 (4th Cir. 2020) (per curiam) (unpublished).

Next, Whitley alleges that he received ineffective assistance of counsel because his lawyer allegedly instructed him not to object to the leadership role enhancement. The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Whitley must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A

5

party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

Whitley has not plausibly alleged deficient performance at sentencing. Whitley supervised the drug trafficking activities of China Brewer, including directing her to deliver 40 bags of heroin to a confidential informant. See PSR [D.E. 26] ¶¶ 8–9. Accordingly, even if defense counsel had objected to the section 3B1.1(c) enhancement, the objection would have failed. See U.S.S.G. § 3B1.1(c); id. § 3B1.1 cmt. n.2; Rodriguez, 827 F. App'x at 297. Defense counsel's performance at sentencing was adequate and falls within the wide range of professional performance. See Strickland, 466 U.S. at 691. Simply put, the Sixth Amendment does not require a lawyer to make all non-frivolous objections, much less baseless objections. See Knowles v. Mirzayance, 556 U.S. 111, 124–26 (2009). On this record, there was no deficient performance.

Alternatively, Whitley has not plausibly alleged prejudice concerning counsel's performance at sentencing. To prove prejudice from deficient performance at sentencing, a defendant must prove a reasonable probability that the defendant would have been sentenced differently if the error had not occurred. See Sears v. Upton, 561 U.S. 945, 955–56 (2010); United States v. Carthorne, 878 F.3d 458, 469–70 (4th Cir. 2017). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In light of this court's extensive discussion of the section 3553(a) factors, Whitley has not plausibly alleged that counsel could have done something differently to obtain a different sentence for Whitley. Furthermore, this court's alternative variant sentence defeats any claim that counsel's performance at sentencing prejudiced Whitley. See Molina-Martinez v. United States, 136 S. Ct. 1338, 1345–47 (2016); United States v. Feldman, 793 F. App'x 170, 173–74 (4th Cir. 2019) (per curiam) (unpublished); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 160–65 (4th Cir.

6

2012). Thus, Whitley has not plausibly alleged prejudice. See, e.g., Sears, 561 U.S. at 956; Strickland, 466 U.S. at 689–700.

After reviewing the claims presented in Whitley's motion, the court finds that reasonable jurists would not find the court's treatment of Whitley's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 76], DISMISSES Whitley's section 2255 motion [D.E. 71], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 16 day of June 2021.

JAMES C. DEVER III
United States District Judge